UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term

Grand Jury Sworn in on October 30, 2025

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 26-CR- |
| | : | |
| v. | : | MAGISTRATE NO. 26-MJ-46 |
| | : | |
| DARRYL JEROME GOLDSTON, | : | VIOLATION: |
| | : | 18 U.S.C. § 922(g)(1) |
| Defendant. | : | (Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year) |
| | : | |
| | : | FORFEITURE: |
| | : | 18 U.S.C. § 924(d); 21 U.S.C. § 853(p); and 28 U.S.C. § 2461(c) |

## INDICTMENT

The Grand Jury charges that:

### COUNT ONE

On or about March 2, 2026, within the District of Columbia, **DARRYL JEROME GOLDSTON**, knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, in the Circuit Court for Prince George's County, Maryland, criminal case number CT150482X, did unlawfully and knowingly receive and possess a firearm, that is, a Beretta 92S, 9mm caliber, semi-automatic handgun, and did unlawfully and knowingly receive and possess ammunition, that is, 9mm ammunition, which had been possessed, shipped and transported in and affecting interstate and foreign commerce.

(**Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year,** in violation of Title 18, United States Code, Section 922(g)(1))

## FORFEITURE ALLEGATION

Upon conviction of the offense alleged in Count One of this Indictment, the defendant shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in or used in the knowing commission of the offenses, including but not limited to a Beretta 92S, 9mm caliber, semi-automatic handgun and 9mm ammunition.

If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

(a)   cannot be located upon the exercise of due diligence;

(b)   has been transferred or sold to, or deposited with, a third party;

(c)   has been placed beyond the jurisdiction of the Court;

(d)   has been substantially diminished in value; or

(e)   has been commingled with other property that cannot be subdivided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

(**Criminal Forfeiture**, pursuant to Title 18, United States Code, Section 924(d), Title 21, United States Code, Section 853(p), and Title 28, United States Code, Section 2461(c))

JEANINE FERRIS PIRRO  
UNITED STATES ATTORNEY

A TRUE BILL:

By: *Christine M. Macey*  
CHRISTINE M. MACEY  
Assistant United States Attorney

FOREPERSON.